**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVE KASSAB, | No. 15-55553 |
| Plaintiff-Appellant, | D.C. No. 3:07-cv-01071-BAS-JLB |
| v. | |
| S SKINNER, Officer, I.D. 5019, an individual; RUBEN HERNANDEZ, Officer, I.D. 5056, an individual, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted April 20, 2018[**]

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Steve Kassab appeals pro se from the district court's denial of his post-judgment motion for a new trial in his 42 U.S.C. § 1983 action alleging excessive

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

force following a jury verdict for defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion by denying Kassab's motion for a new trial. Kassab failed to set forth any basis for relief. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (grounds for a new trial under Fed. R. Civ. P. 59(a)).

The district court's finding that there was sufficient evidence to support the jury's verdict was correct. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008) ("A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." (citation omitted)).

The district court did not err by denying the motion for a new trial based on its evidentiary rulings, all of which were well within the court's discretion. *See Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013) (setting forth standard of review).

First, because motive is irrelevant to an inquiry into whether any use of force was excessive, the district court did not abuse its discretion by excluding evidence concerning defendants' alleged motive behind Kassab's arrest. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); *Graham v. Connor*, 490 U.S. 386,

397 (1989) ("[T]he question [in an excessive force inquiry] is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." (citation omitted)).

Second, because Kassab provided inaccurate and misleading testimony regarding his prior conviction, the district court did not abuse its discretion by permitting defendants to introduce clarifying evidence regarding it. *See United States v. Osazuwa*, 564 F.3d 1169, 1175-76 (9th Cir. 2009) (if a party "opens the door by introducing potentially misleading testimony," the opposing party "may introduce evidence on the same issue to rebut any *false* impression that might have resulted from the earlier admission" (emphasis in original; citations and internal quotation marks omitted)).

Third, the district court did not abuse its discretion by excluding Kassab's questions to defense witnesses regarding specific acts of alleged misconduct. Kassab's questions would not have led to testimony probative of these witnesses' character for truthfulness and thus were irrelevant to Kassab's excessive force claim. *See United States v. Olsen*, 704 F.3d 1172, 1184 n.4 (9th Cir. 2013) (Federal Rule of Evidence 608(b) permits inquiry during cross-examination into specific acts of conduct "if they are probative of the character for untruthfulness of

the witness . . . .").  Moreover, Kassab failed to demonstrate that any such ruling substantially prejudiced him.  *See Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) ("A new trial is only warranted when an erroneous evidentiary ruling substantially prejudiced a party." (internal quotation marks and citation omitted)).

Fourth, the district court did not abuse its discretion in permitting the testimony of defendants' expert, Dr. Gary Vilke, a board-certified emergency department physician with experience in heat-related illnesses.  Dr. Vilke's testimony was directly relevant to the issue of whether the alleged use of force was excessive.  *See Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196-97 (9th Cir. 2014) ("The relevancy bar is low, demanding only that the evidence logically advances a material aspect of the proposing party's case." (citation and internal quotation marks omitted)).

Finally, the district court did not abuse its discretion in excluding the testimony and report of Kassab's expert Dr. Jacqueline Acevedo Gonzalez.  Kassab failed to designate Dr. Gonzalez as an expert witness as required under Federal Rule of Civil Procedure 26(a)(2).  Furthermore, he did not provide her report until the first day of trial.  *See Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255,

1258 (9th Cir. 1998) (affirming the exclusion of plaintiff's expert because plaintiff designated the expert and disclosed the report in an untimely manner).

The district court did not abuse its discretion by denying the motion for a new trial based on its denial of Kassab's request to re-open discovery because Kassab failed to show that the denial of requested discovery caused him actual and substantial prejudice. *See Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002) (providing standard of review for district court's discovery rulings, and explaining that the district court's discretion to deny discovery "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying the motion for a new trial based on its denial of Kassab's request for a trial continuance. *See United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir. 1985) (setting forth standard of review and factors courts consider when reviewing a denial of a request for a continuance).

The district court did not abuse its discretion by denying the motion for a new trial based on its decision to allot ten hours for trial. Kassab failed to demonstrate that this time limit was unreasonable. *See Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1996), as amended (Jan. 15, 1997) (setting forth standard

of review and explaining that "[a] district court is generally free to impose reasonable time limits on a trial.").

Appellee's motion (Docket #8) to take judicial notice of documents in support of Appellees' opposition to Appellant's motion to exceed the page limit for his opening brief is hereby **DENIED**.

      **AFFIRMED.**